HUGHES, J,
dissenting.
|TI respectfully disagree with the majority opinion for the following reasons.
I would conclude that the trial court manifestly erred in finding that the father sustained his burden to show that a change of custody of his three and five-year-old daughters, from their life-long caregiver-mother in Louisiana (where they have numerous family and social connections) to his domiciliary custody in Virginia (where they have no other family members or connections) was in these children’s best interests. Admittedly, there were issues related to the mother’s unwillingness to ensure timely physical and telephone visitations with the father; however, no court order was in place that dictated specific time periods for these visitations, and there are numerous other means available to rectify these types of behaviors short of changing domiciliary custody.[1]
12Furthermore, upon changing domiciliary custody to the father, the trial court failed to comply with LSA-R.S. 9:335(A)(2)(a),[2] in that physical custody was not granted so that the children would be “assured of frequent and continuing contact” with the mother. Although the mother was granted physical custody of the children during the summer break from school, she was only given seven days during Christmas break for the entire nine-month school year. I do not believe the intent of LSA-R.S. 9:335(A)(2)(a) was thus achieved. A single opportunity for physical contact during the entire school year is woefully inadequate. The trial court’s judgment did not provide the mother with physical custody privileges on a frequent and continuing basis. See Nichols v. Nichols, 32,219 (La.App. 2 Cir. 9/2/99), 747 So.2d 120; O’Brien v. O’Brien, 30,001 (La.App. 2 Cir. 12/10/97), 704 So.2d 933.
The statute provides that each parent shall have “physical custody” that assures the child of frequent and continuing contact. While non-physical contact, such as telephone and internet contact, is certainly desirable, they do not suffice to satisfy the mandate of the statute.
For these reasons, I respectfully dissent.

. If the court had complied with LSA-R.S. 9:335(A), by issuing a joint custody implementation order, which had specifically set forth the time periods during which the father could have exercised his physical custody and phone visitations, then contempt of court would have been available as a remedy for any failure of the mother to facilitate his custody/visitation. In addition, the following remedies are available to a court to investigate/address an inability to co-parent: requiring attendance at parenting seminars (authorized by LSA-R.S. 9:306); appointment of a mental health professional to evaluate the parties and/or give an opinion as to the best interests of the children (pursuant to LSA-R.S. 9:331); requiring mediation of disputes (per LSA-R.S. 9:332-34); and appointment of a "parenting coordinator,” which is "a child-focused alternate dispute resolution process” (as provided in LSA-R.S. 9:358.1-358.9).

. LSA-R.S. 9:335(A)(2)(a) provides:
The implementation order shall allocate the time periods during which each parent shall have physical custody of the child so that the child is assured of frequent and continuing contact with both parents.